No. 5041.

(Court of Appeal, Parish of Orleans.)

**J. R. WOOD & SON vs. FRENCH NOVELTY CO.**

Dinkelspiel, Hart & Davey for plaintiff and appellant.

Lazarus, Michel & Lazarus for defendant and appellee.

DUFOUR, J.—In June, 1909, the plaintiff filed a petition claiming certain diamonds left by them with the defendant and asking for their sequestration and return, and further asking for a reservation of their right to claim the value of the diamonds by supplemental proceedings.

After an unsuccessful attempt to dissolve the sequestration, the defendant answered that the transaction was not a consignment on memorandum, but a sale on terms of credit, and that, as the installments on account would not be due until September, October, November and December, 1909, the suit was premature.

In January, 1910, petitioner took out an attachment and sued for the value of the diamonds, alleging "that even should the transaction between the petitioner and defendant be decreed to be a sale as claimed by the defendant, then the same amount is due and past due."

A motion to dissolve the attachment was denied, and defendant then filed an exception to the effect that "the supplemental amended petition sets up a cause of action different from, and inconsistent with, that pretended to be set up in the original petition, and that plaintiffs should be ordered to elect upon which cause of action they elect to stand."

After submission, but before decision of this exception, the plaintiffs voluntarily came into court and "elected to treat the transaction between the plaintiffs and defendant as a contract of sale as set forth in the answer of the defendant."

Thereupon, the defendant again excepted that the allegations of the supplemental answer changed the na-

ture of the demand and the cause of action set out in the original petition and asked for a dismissal of the suit.

The Judge maintained the exception and dismissed the suit, erroneously, we think.

When the amended petition of January, 1910, treating the transaction as a sale in the manner claimed in defendant's answer, was filed, the latter was in a position to ask that it be dismissed as changing the cause of action or the nature of the demand.

Instead of doing this, however, the defendant merely called attention to the inconsistency of the two demands and asked that plaintiff be made to elect. This was a waiver of the right to ask for an absolute dismissal of the amended petition.

Plaintiff voluntarily elected, without awaiting an order of Court; his act was a proper compliance with the defendant's demand, as effective as if done in obedience to a ruling of the Court.

He was called upon to elect, he did elect, and the thing elected alone remains before the Court as evidencing his cause of action. All else disappears, the suit stands as though the only petition ever filed was one declaring upon a sale, and there can, in consequence be no conflict between an existent and a nonexistent plea.

The defendant must, under the circumstances, accept, without complaint or objection, the cause of action elected by the plaintiff, and this principle obtains, whether the inconsistent demands were pleaded in the same suit or in different suits, in the same petition or in different petitions.

### 13 An. 279.

The objection of prematurity is cured by lapse of time, the debts having become due at the time the amended petition was filed.

The attachment is connected with the amended petition upon which no hearing has been had below, and, hence, will not now be discussed.

The judgment maintaining the exception to the supplemental and amended petition of January 4, 1910, and dismissing plaintiff's demand without prejudice is reversed, and the cause is remanded for trial on that petition in accordance with law and with the views expressed in this opinion, costs of appeal to be paid by appellee and those of the lower court to await the final determination of the cause.

Reversed.

June 20, 1910.

Rehearing refused, June 29, 1910.